**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Joseph Botelho,** ***pro se*** | : | |
| | : | |
| **vs..** | : | **C.A. No.: 05-338S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MOTION TO DISMISS**

Now come the Defendants in the above-entitled action and hereby move, pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss this action. Defendants submit that Plaintiff's complaint should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The reasons for this motion are set forth in the accompanying Memorandum.

DEFENDANTS,
By their attorney,

Kathleen Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2546
(410) 462-2583 fax

**CERTIFICATION**

I hereby certify that on the 12 Th day of October, 2005, a true copy of the within document was mailed, inter-departmental mail, postage-paid, to Joseph Botelho, Medium Security, Moran Facility, P.O. Box 8274, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Joseph Botelho, *pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-338S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS UNDER RULE 12</u>**

Now come the Defendants in the above-entitled action and hereby submit this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's complaint should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**<u>Facts and Travel of the Case</u>**:

Joseph Botelho is an inmate currently housed at the Medium Security Facility known as the Moran Building, of the Adult Correctional Institution, in Cranston, Rhode Island. He has filed a lawsuit in Federal District Court for the District for Rhode Island alleging that the Department of Corrections has unlawfully removed $134.50 from his inmate trust account for co-payments on medical prescriptions. Plaintiff states that the removal of the funds is in violation of Department of Corrections' Policy# 2.28-2.

Plaintiff has filed a Complaint naming Ashbel T. Wall, Director of the Department of Corrections, and the Rhode Island Department of Corrections as defendants, and has effectuated service through the Waiver of Service Provisions outlined in Rule 4(d) of the Federal Rules of Civil Procedure. Defendants have accepted service, and counsel for the Department of Corrections hereby submits this Motion to Dismiss as it relates to Director A. T. Wall and the R. I. Department of Corrections.

It should be noted, Plaintiff has also served a copy of the Complaint and Notice of Lawsuit and Request for Waiver of Service of Summons upon nineteen (19) other individuals not named as defendants in the Complaint[1]. Because none of these individuals is named in the Complaint, service upon them is defective under Rule 4 of the Federal Rules of Civil Procedure and this response does not relate to them.

Plaintiff sets forth an extremely sparse set of facts in which he outlines his complaint. The facts and defendants' response are stated below.

**Defendant's Argument under Rule 12(b)(1) – Lack of Subject Matter Jurisdiction.**

Plaintiff alleges that the Department of Corrections has removed $134.50 from his inmate account in violation of the Department's Policy# 2.28-2. Plaintiff specifically states, "After written complaints were sent to "Inmate Accounts" and Mr. Marocco, a complaint that money was taken out of my account for co-payment of

[1] Plaintiff has served Colleen Capezza, Dr. Fish, Dr. Stengl, Mel White, Rosemary DiGiulio, Ann Frost, Deb Ouimette, Loraine Ware, Dr. Achindiba, Joseph Machado, Beth (?) in Dental, Dr. Cruff, Lucille Curran, Joseph Forgue, Patrcik Flynn, Robert McCrucheon, Steve Papa, Joseph Marocco, and Dr. William DelGizzo.

medical prescriptions, when A.C.I. policy clearly states that because of my medical condition I should not have to pay under their own policy# 2.28-2 D.O.C". Plaintiff further states "I would like the Adult Correctional Institution to return the amount of $134.50, that was unlawfully taken from my account and is still being added to each moount (*sic*) being taken out of my account".

Based on the facts set forth in the Complaint, Plaintiff has failed to state a claim that invokes the jurisdiction of the Federal Court. Plaintiff does not make any claims alleging constitutional rights or federal statutory law violations. Plaintiff does not allege that he is being denied medical services or treatment under the Eighth Amendment, or that there is any misconduct committed by the defendants that would invoke the jurisdiction of § 42 U.S.C. 1983. He merely objects to the co-payments he is being charged for some of his medical care.

"The failure to provide adequate medical care can be an Eighth Amendment violation. Reise v. Wall, 2005 U.S. Dist. Lexis 13799 (D.R.I. June 2, 2005), citing Layne v. Vinzant, 657 F.2d 468 (1st Cir. 1981); Rosen v. Chang, 758 F.Supp. 799 (D.R.I. 1991). To prevail on such a claim, a prisoner must allege acts or omissions that demonstrate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106; 50 L.Ed. 2d 251; 97 S.Ct. 285 (1976). Plaintiff makes no allegations in regards to inadequate medical treatment. His complaint is based solely on the manner in which the Department of Corrections charges for certain aspects of that treatment. The United States Supreme Court stated in Revere v. Massachusetts General Hospital, 463 U.S. 239; 103 S.Ct. 2979; 77 L.Ed. 2d 605 (1983), "as long as the

governmental entity ensures that the medical care needed is provided, the Constitution does not dictate how the cost of that care should be allocated. That is a matter of state law". Revere, 463 U.S. at 245, 103 S. Ct. at 2983, 77 L.Ed 2d at 611.

Assuming the Plaintiff is seeking relief under § 42 U.S.C. 1983, although he has not stated such, his allegations fail under this section as well. "In order to maintain a section 1983 action, the conduct complained of must be committed by a person action under color of state law and the conduct must have deprived the plaintiff of a constitutional right or a federal statutory right". Reise v. Wall, 2005 U.S. Dist. Lexis 13799 (D.R.I. June 2, 2005), citing Gomez v. Toledo 446 U.S. 635, 64 l.Ed 2d 572, 100 S.Ct. 1920 (1980). The Plaintiff complains of no conduct that implicates a constitutional or federal statutory right; therefore, Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction.

**Defendant's Argument under Rule 12(b)(6) – Failure to State a Claim upon which Relief can be Granted.**

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted. In considering a motion to dismiss brought pursuant to this rule, the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff". Chongris v. Bd. Of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed. 628 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it

appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief". Conley v. Gibson, 355 U.S. 41, 45-46; 2 L.Ed. 2d 80; 78 S.Ct. 99 (1957). However, although the threshold for stating a claim is low, it is not nonexistent. No credit need be given to gauzy generalities, unsupported conclusions, subjective characterizations, and problematic suppositions. Merritt v. Aylmer, etc., 1992 U.S. App. Lexis 28857, citing The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

In the matter presently before the court, the Plaintiff's factual assertions are nothing more than unsupported conclusions, suppositions, and generalities. He states "money has been taken out of my account for co-payment of medical prescriptions when A.C.I. policy clearly states that because of my medical condition I should not have to". Plaintiff provides no information as to what his medical condition is, or how that condition exempts him from the medical policy provisions. He also fails to define what these co-payments relate to, except to say they are for medical prescriptions. Based on these bare conclusions and generalities, as well as on his failure to define what constitutional rights or federal statutory law is violated by the department's conduct, Plaintiff has failed to state any claim by which relief could be granted in Federal Court.

Further, even if the Court were to view the facts articulated by the Plaintiff as sufficient, true, and in the light most favorable to him, Plaintiff still fails to state a claim upon which relief can be granted. As stated recently in Young v. A.T.Wall, 359 F.Supp. 2d 84, "a plaintiff must first demonstrate that he possesses a property interest

that is constitutionally protected. Only if the plaintiff possesses such an interest will a reviewing court then determine whether the deprivation or reduction of that interest constitutes a 'taking'." Young, 359 F.Supp at 89, citing Givens v. Alabama Dept. of Corr., 381 F.3d 1064, 1066 (11th Cir. 2004) and Wash. Legal Found., 993 F.2d 962, 973 (1st Cir. 1993). The "[inmate] does not have a constitutionally protected property right to his wages; all he has is a limited property right in the amounts deposited in his name—specifically...the limited right to access his deposit when permitted by statute, regulation or policy". Young, 359 F.Supp at 91, citng Givens, 381 F.3d at 1067.

Under R.I.G.L. § 42-56-38, the Rhode Island Legislature has statutorily authorized the reimbursement of costs incurred by the state for the care, custody and control of sentenced offenders. To implement this cost reimbursement, the Department of Corrections has established policies by which inmates reimburse the department for certain medical services. When a co-payment is required under the policy, the money is withdrawn from the inmate's account.[2]

> R.I.G.L. § 42-56-38 states, "Each sentenced offender committed to the care, custody and control of the department of corrections shall reimburse the state for the cost or the reasonable portion of the cost incurred by the state relating to that commitment.... Items of cost shall include physical services, and commodities such as food, *medical* [emphasis added], clothing and specialized housing, as well as social services such as specialized supervision and counseling". R.I. Gen. Laws § 42-56-38.

Plaintiff's right to the funds in his inmate account is limited by his monetary obligations defined by R.I.G.L.§ 42-56-38 and the department's medical co-payment policy.

---

[2] No inmate is denied medical treatment when there is no money in the account. Instead the account reflects a negative balance.

The provisions outlined in R.I.G.L.§ 42-56-38 were scrutinized by the First Circuit Court of Appeals in Taylor, et al v. State of Rhode Island, et al, 101 F.3d 780. That case dealt with fees charged to probationers and parolees to help defray some of the costs to the state for the supervision of those individuals. However, the language found in Taylor applies equally well to the matter presently before the court.

The First Circuit Court determined R.I.G.L.§ 42-56-38 "is expressly designed to reimburse the Department for costs directly associated with providing goods and services required to supervise [sentenced offenders]". Taylor, et al v. State of Rhode Island, et al, 101 F.3d 780, 783. The statute mandates that monies received under this section will accrue first to the department of corrections for use to offset costs of required care and services. Taylor, 101 F.3d at 784. "The legislative objective ...is reimbursement of the Department for its costs in providing the required supervisory services". Taylor, 101 F.3d at 784. The Court found the statute to be a civil charge, Taylor, 101 F.3d at 783, and "directly and rationally related to recouping the State's costs in providing [for] individual offenders for whose benefit the services are rendered". Taylor, 101 F.3d at 784.

Defendants submit that Plaintiff has no constitutionally protected interest in the money in his inmate account. Defendants further submit that the withdrawal of funds from an inmate account to pay for medical services provided to the Plaintiff are authorized by Rhode Island statutory law under R.I.G.L. § 42-56-38, and by the holding in Taylor v. State of Rhode Island. This statute has passed constitutional muster and the application of its provisions is legally sound.

Plaintiff has set forth no constitutional or federal statutory grounds by which he can prevail. Even if the Court accepts the facts presented as true and construes those facts in the light most favorable to Plaintiff, he still fails to state a claim for which relief can be granted in the Federal Court.

**Conclusion:**

Defendants respectfully submit that Plaintiff's complaint should be dismissed based on his failure to state a claim that invokes the jurisdiction of the Federal Court. Plaintiff's only complaint is that co-payments have been removed from his inmate account to pay for medical services in violation of a Department of Corrections' policy. Any dispute in this regard is a matter of state law and implicates no constitutional or federal statutory rights.

Plaintiff also fails to state a claim upon which relief can be granted. Plaintiff's claims are general conclusions and suppositions and should be given no credit by the court. Further, even if the court accepts the facts as sufficient, true, and in the light most favorable to him, he has no constitutional or federal statutory right to the money in his account. Therefore, the removal of funds to pay for certain medical services provided to the Plaintiff does not implicate jurisdiction of the Federal Court.

For all the reasons set forth in this Memorandum, Defendants submit Plaintiff's Complaint should be dismissed.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Joseph Botelho, Medium Security - Moran, P.O. Box 8274, Cranston, RI 02920, on this 12th day of October, 2005.