UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Court original

JOSEPH M. BOTELHO Pro-se

VS. Case No. 05-338S

ASHBEL T. WALL et al

## OBJECTION TO MOTION TO DISMISS

Now comes the Plaintiff, who claims the following defendants: Ashbel T. Wall, Walter Whitman,Patrick Flynn, Joseph Marocco, Michael Poshkus, Dr. Achindiba, Dr. Cruff, Dr. Fish, Ms Colleen Capezza RN, Ms. Pauline Marcussen, Dr. Del Gizzo, Beth ? (Dental) Dr Stengl, Dr. Allen, Mel White,Rosemary DiGiulio, Ann Frost, Deb Ouimette, Loraine Ware, Joseph Machado, Steve Papa, Lucille Curran, Robert Mc Crucheon, Billy Bagonis, Joseph Forgue, Fred Haibon, While acting under color of State law have violated the Plaintiffs Constitutional Rights. Particularly defendant A.T. Wall as the director, who is responsible for the administration, operation and supervision of State Corrections Institutions and facilities within the State of Rhode Island, including A.C.I. Health Care Services, and promulgation of rules, regulations, policies and practices relevant thereto, has a Constitutional obligation to provide medical care for all prisoners.

## TAKINGS VIOLATION

Charging the inmate such as myself, for services that the State is already clearly duty bound to provide is a violation of the inmates Fifth and Fourteenth Amendment Rights. Director Wall in his official capacity as a Representative of the State of Rhode Island has a Constitutional duty bound obligation to provide medical care to myself as

a incarcerated inmate or prisoner of the state. **HOLLOWAY V. STATE, 571 A2d 1324, "State has absolute duty to provide medical care of its prisoners"** and **ESTELLE V. GAMBLE, 429 US 97, "the State has a Constitutional obligation to provide medical care for prisoners, because they can not provide care for themselves during imprisonment."**

Accordingly the above cases reflect that the State has an absolute duty and a Constitutional obligation to provide medical care for its prisoners as stated by our United States Supreme Court. Thus, I have an absolute constitutional right to receive such care. The Department of Corrections through it's Director, agents and employee's are charging me money or depriving me of the property for what this Country's Constitution entitles me to, in violation of the spirit of the United States Constitution and the above cited case law.

If I am Constitutionally entitled to medical care of which the State is Constitutionally obligated to provide, then the money that has been removed from my account for payment of this service that the State is already obligated to provide, is taken without due process of law and without "just compensation". The State, through its officials are taking my private property, (plaintiffs funds), for public use without just compensation. This also amounts to a purchasing of justice in violation of Rhode Island's Constitution's Article I, Section V.

If the State Judicial system imposed a hundred, (100) hours of community service as an imposition of my sentence, would I be allowed to bill the State an hourly wage for the services I provided through that community service ?, of course not, and this is the same double standard that the State through it's officials seek to impose.

In the Defendants' citing of **YOUNG V. WALL, 359 FSupp2d 84,** the funds that are discussed are of the Inmate's "Frozen Funds" and the use of such funds are governed under state statute. The Court in **YOUNG SUPRA,** deemed that Young had only a limited property right to these funds. Because an Established property right did not exist there could be no taking clause violation. The Plaintiff in this case clearly has an established property right in the monies secured in his "Active Account", and is free to use this money or transfer it to an outside banking institution, thus it is unequivocally my property. Therefore, this is a takings violation, as the money is taken without just compensation and taken for a service that the DOC has an absolute and Constitutional duty to already provide. The analysis in **YOUNG SUPRA** is there must be an established property right to claim a violation of the takings clause. Here, there is a taking of an established property for a duty that the defendant's are already obligated to provide and enforced upon the State through the Fourteenth Amendment.

**PROCEDURAL DUE PROCESS VIOLATIONS THROUGH DOC POLICY**

The Plaintiff has not been afforded the procedural due process protection of the DOC'S policies, specifically the Medical Co-pay policy 2.28-2. The DOC continues to violate their own policy or administrative law by knowingly erroneously applying such policy in the following manner:

1) They are charging me for care relating to my chronic conditions of Hepatitas C and Diabetes in clear violation of the Medical Co-pay policy at page 1 of 7.

2) They are charging me for follow up visits that are not initiated by myself and initiated by them for care such as furloughs, dressing changes, and other treatment ordered by healthcare staff. This is in clear violation of the Medical Co-pay policy at page 1 of 7 and 2 of 7.

3) They are charging beyond the maximum allowed by policy on a annual basis in violation of the Medical Co-pay policy at page 2 of 7 (over $125.00 per year)

4) They are refusing to provide diabetic shoes prescribed by a diabetic foot doctor,(who I was charged to see even though it was related to my chronic condition), solely based on my refusal to pay for such care that I am clearly exempt from by policy under the Chronic illness section. Medical Co-Pay policy page 1 of 7

5) They continue to charge me for treatment when my sugar is high due to my diabetes. Medical Co-Pay policy page 1 of 7

6) They Remove funds from my "Active Account" without my written authorization which at the minimum violates my due process and may be criminal in nature.

The Co-pay policy is unconstitutional and even assuming that that this was not a takings violation, the policy itself is flawed and violates all inmates procedural due process. The DOC'S policy is that of "charge what the traffic will bear" and is abusive in that the DOC will charge whether it is billable or non-billable and leave the inmate with the burden to appeal. This very scenario was also among the pleadings in **REISE V. WALL, 2005 U.S. Dist. Lexis 13799,** though the pleadings are unpublished Reise had made the exact same complaint that DOC Staff charged him for eyeglasses that were not billable under policy. He further obtained evidence that several health care staff, including nurses, doctor and Hospital administrator had no idea what to charge Reise for CPAP PARTS. Noone had the ability to interpret the policy and attempted to charge Reise for parts until it was finally found and interpreted by the Medical Director Scott Allen that Reise was under no obligation to pay for such parts.

The DOC, through its ability to obtain funds from the inmate's accounts without written authorization, (in violation of the Medical Co-pay policy pgs. 7 of 9, (c), (1), (a) and 8 of 9, (B), (C), (D) ), allows them to abuse the Co-pay policy by charging for medical care that is listed as exempt and beyond the scope of the policy. In the past two years I have been charged beyond the annual rate the policy

allows, in 2005 I have been billed $185.50 for the year and in 2004, I was billed $156.00, both beyond the maximum set by policy of $125.00.

The DOC's ability to circumvent written authorization for the taking of money from my account under the auspice of providing medical care is illegal and affords them the ability to charge for <u>any</u> medical care under the sun, whether within or beyond the scope of the policy. This further allows the DOC to proffer from those inmates for which funds were taken, who are unaware they should not be charged or refuse to be subjected to the lengthy appeal process to retrieve such funds. I have spent approximately $87.00 dollars in copy costs seeking such relief which the DOC further profit from.

## CONCLUSION

As a pro se plaintiff who suffers from a diagnosed mental disorder, I am currently seeking counsel as I am incapable of representing myself. The plaintiff has been helped along to prepare and file this document. The previous filed complaint had many deficiencies in both its preparation and filing. The Plaintiff requests that the Honorable Court can look past these deficiecies and intuit the correct cause of action and allow my complaint to be amended if need be. I sent the court a copy of the states policy that speaks for itself.

I have asked many times in writing for an itemized list of all deductions from inmates accounts, the respose I get is to look at the Co Payment policy filed in the Law LIbrary.

Your Honor, My medical records show the condition my health is in, now how can they even ask for things to be dismissed because I didn't provide them with this information, when infact they have all my records in the Medical Department here at the Adult Correctional Institution, John J. Moran Facility. THis lawsuit is brought under 42 USCA 1983 and states Constitutional claims that invoke jurisdiction of this Honorable Court under 28 § 1331. Thus the Plaintiff prays this Honorable Court agree that the Plaintiff has met the burden to survive the Defendant's "Motion to Dismiss".

Respectfully,

Joseph M. Botelho

**CERTIFICATION**

**28 USC 1746**

I hereby swear upon penalty of perjury that a true copy of this documentation was placed in the interdepartmental mailbox, pastage pre paid , on this 28 day of December 2005, and sent to the persons below:

Kathleen Kelly #5501

R.I.D.O.C.
40 Howard Ave.
Cranston, R.I. 02920
(Interdepartmental Mail)

See attachment of these Served through interdepartmental Mail:

Joseph M. Botelho

Joseph M. Botelho #71757
Medium One EL-3-Bottom
P.O. Box 8274
Cranston, R.I. 02920

**CERTIFICATION**

**28 usc 1746**

I hereby swear upon penalty of perjury that a true copy of this documentation was placed in the interdepartmental mailbox, pastage pre paid, on this 28 day of December 2005, and sent to the persons below:

Ashbel T. Wall, Walter Whitman, Patrick, Joseph Marocco, Michael Poshkus, Dr. Achindiba, Dr. Cruff, Dr. Fish, Ms Colleen Capezza RN Ms. Pauline Marcussen, DR. Del Gizzo, Beth ? (Dental) Dr. Stengl, Dr. Allen, Mel White, Rosemary DiGiulio, Ann Frost, Debby Ouimette Loraine Ware, Joseph Machado, Steve Papa, Lucille Curran, Robert Mc Crucheon, Billy Bagonis, Joseph Forgue, Fred Haibon.

P.O. Box 8274

Cranston, R. I. 02920

(interdepartmental mail)

Joseph M. Botelho Pro-se

Joseph M. Botelho Pro-se
P.O. Box 8274

Cranston, R.I. 02920