**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOSEPH M. BOTELHO**

v. **C.A. No. 05-338 S**

**ASHBEL T. WALL**, Director,
Rhode Island Department of Corrections

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Joseph M. Botelho ("plaintiff"), *pro se*, an inmate legally confined at the Rhode Island Department of Corrections, Adult Correctional Institutions, filed a Complaint pursuant to 42 U.S.C. § 1983 and named as a defendant Ashbel T. Wall, Director of the Rhode Island Department of Corrections. Currently before the Court are Wall's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff has objected thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that defendant Wall's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) be denied. I further recommend that defendant Wall's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be granted.

**Background**

The following are the allegations from the Complaint which are taken as true for purposes of the instant motions and construed liberally since the plaintiff is *pro se*:

Plaintiff is an inmate confined at the Rhode Island Department of Corrections ("RIDOC"), Adult Correctional Institutions. Plaintiff alleges that the RIDOC deducted monies from his inmate account for a co-payment for medical services that he received. Plaintiff alleges that the deduction

should not have occurred because it contradicts RIDOC policy. Plaintiff alleges that he filed a grievance with respect to this issue. However, plaintiff alleges Wall denied him relief.

Plaintiff filed suit pursuant to 42 U.S.C. Section 1983 alleging a violation of the due process clause of the Fourteenth Amendment, seeking reimbursement of the funds deducted from his inmate account for his healthcare. Defendant Wall has moved to dismiss pursuant to Rule 12(b)(1), for a lack of subject matter jurisdiction, and Rule 12(b)(6), for a failure to state a claim upon which relief can be granted. I shall consider these motions separately.

**Discussion**

**a. Rule 12(b)(1) Motion**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of actions in which the court lacks subject matter jurisdiction. The court, when considering a 12(b)(1) motion, may consider all pleadings submitted by the parties, Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996), which are to be taken as true and construed in a light most favorable to the party opposing the motion. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). The pertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the court is proper. Casey v. Lifespan Corp., 62 F.Supp.2d 471, 474 (D.R.I. 1999). The burden of proof in a 12(b)(1) motion falls on the party-asserting jurisdiction. Thompson v. Gaskill, 315 U.S. 442 (1942). The party must establish that they have a claim under federal law.

Although the plaintiff is vague in his Complaint, it is clear to the Court that he has filed this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action for a violation of a person's constitutional rights or federal rights. While 42 U.S.C. § 1983 does not grant subject matter

jurisdiction to the federal courts, Cervoni v. Secretary of Health, Educ. and Welfare, 581 F.2d 1010, 1019 (1st Cir. 1978), a claim under 42 U.S.C. §1983, as alleged here, falls under the general federal question jurisdiction. See 28 U.S.C. §1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"). Accordingly, this Court has subject matter jurisdiction to entertain the instant claim. Therefore, I recommend that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) be denied.

**b. Rule 12(b)(6) Motion**

Next, defendant Wall has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded factual averments of the *** complaint as true, and construe these facts in the light most favorable to the [plaintiff]." Congris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. Id. Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of protected federal rights.

Plaintiff has brought this action under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Section 1983 creates a cause of action for persons who are denied a federally protected right. See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations). The initial inquiry in a Section 1983 action is (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived the plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Here, there is no dispute that the defendant acted under the color of state law. The only question is whether the facts alleged rise to a violation of the plaintiff's constitutional rights.

**1. Due Process Claim**

Plaintiff first alleges a violation of the due process clause of the Fourteenth Amendment. To state a cognizable due process claim, plaintiff must allege an interference with or a deprivation of a property interest protected by the due process clause, and the denial of sufficient procedural safeguards to protect against unjustified deprivations. However, negligence by a prison official does not deny procedural due process, Parratt v. Taylor, 451 U.S. 527 (1981), and unauthorized,

intentional deprivations violate due process only where no adequate post-deprivation remedy is afforded. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Here, plaintiff does not claim he was denied medical care. Indeed, plaintiff alleges that the deduction from his inmate account was for the medical care that he received. Plaintiff complains that, as in inmate in the custody of the Department of Corrections, he should not have to pay for medical care. See Objection to Motion to Dismiss, page 2. However, state law provides otherwise:

> Each sentenced offender committed to the care, custody and control of the department of corrections shall reimburse the state for the cost or the reasonable portion of the cost incurred by the state relating to that commitment;.... Items of cost shall include all physical services, and commodities such as food, medical, clothing and specialized housing, ....

R.I. Gen. Law 42-56-38(a)(emphasis added). Thus, state law clearly provides the plaintiff with notice that the Department of Corrections can charge him for some or all of his medical costs while he is incarcerated. This cost imposing statute has survived scrutiny by the First Circuit Court of Appeals. Taylor v. Rhode Island, 101 F.3d 780, 783 (1st Cir. 1996).

Plaintiff alleges in his Complaint that this deduction should not have occurred since it is allegedly contrary to RIDOC policy. However, plaintiff has an avenue to challenge an allegedly wrongful deduction from his inmate account. Indeed, plaintiff alleges in the Complaint that he pursued an administrative review of the deduction through the prison's internal grievance process, with no success. Under these circumstance, any error or negligence by the defendant in interpreting RIDOC policy does not constitute a denial of procedural due process in the taking of the medical co-payment from plaintiff's inmate account. Moreover, plaintiff may bring a state-court tort action against the defendant for wrongfully deducting funds from his inmate account. The grievance

procedure and state law remedies provided adequate post-deprivation due process.

Moreover, I question whether debiting an inmate's account for costs associated with incarceration is in fact an interference with, or a deprivation of a property interest. Such debits are not a deprivation because Botehlo has been provided with a service or good in exchange for the money debited. See Bailey v. Carter, No. 99-4282, 2001 WL 845446 (6th Cir. 2001)(unpublished).

In any event, as long as state remedies are available for the alleged loss of property, neither intentional nor negligent deprivations give rise to a constitutional violation here. Daniels, 474 U.S. 327; Hudson, 468 U.S. 517. The existence of state remedies defeats any claim plaintiff might have that the defendant deprived him of property without due process of law. Accordingly, defendant's motion to dismiss should be granted on plaintiff's due process claim. I so recommend.

**2. Takings Claim**

Next, plaintiff appears to be asserting, in his objection, that the deduction from his inmate account for the medical services he received constitutes an unlawful "taking" of his property. See Objection to Motion to Dismiss, filed December 30, 2006. A medical co-payment is not a "taking," because by its nature it is imposed for reimbursement of the expense for the treatment that plaintiff received. Cf. Reynolds v. Wagner, 128 F.3d 166, 180 (3d Cir. 1997). This is not a situation in which Botelho was deprived of his property and received nothing in return; rather, in exchange for the co-payment, Botelho received healthcare. See e.g. Bailey v. Carter, 15 Fed. Appx. 245 (6th Cir. 2001)(unpublished) ("This 'takings' claim is indisputably meritless," where the plaintiff receives medical care in exchange for fees.)

Accordingly, to the extent that the plaintiff is asserting a takings claim, I find that he fails to state a claim upon which relief can be granted and this claim should be dismissed. I so recommend.

## Conclusion

For the reasons set forth above, I recommend that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) be denied. I further recommend that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
February 16, 2006