**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Joseph Botelho,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-338S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now come the Defendants in the above-entitled matter and hereby object to Plaintiff's Motion for Preliminary Injunction. For the reasons set forth in the accompanying memorandum, Defendants submit that Plaintiff's motion should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Joseph Botelho, Medium Security - Moran, P.O. Box 8274, Cranston, RI 02920, on this 28th day of February, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Joseph Botelho,** ***pro se*** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-338S** |
| | : | |
| **A.T. Wall, Director of the Rhode Island Department of Corrections, and the Rhode Island Dept. of Corrections** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now come the Defendants in the above-entitled matter and hereby submit this Memorandum of Law in support of its Objection to Plaintiff's Motion for Preliminary Injunction. For the reasons set forth below, Defendants submit that Plaintiff's motion should be denied.

Joseph Botelho is an inmate currently housed at the John J. Moran Medium Security Facility of the Adult Correctional Institution, in Cranston, Rhode Island. He has filed a lawsuit in the United States District Court for the District of Rhode Island alleging that the Department of Corrections has unlawfully removed funds from his inmate trust account for co-payments on medical prescriptions. Defendants responded to Plaintiff's complaint by filing a Motion to Dismiss under Rule 12 (b) (1) and Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

On February 16, 2006, Senior Magistrate Judge Jacob Hagopian issued a Report and Recommendation on this matter, recommending the case be dismissed under Rule 12 (b) (6) for failure of the Plaintiff to state a claim by which relief may be granted.

On February 20, 2006, Plaintiff filed a motion for a 30-day extension of time in which to respond to the Report and Recommendation.

On February 23, 2006, Plaintiff filed the instant motion for preliminary injunction. It appears that the Plaintiff seeks an order from the Court enjoining the Department of Corrections from retaliating against Plaintiff, interfering with his access to the Court, and censoring and/or opening his legal mail. Plaintiff also outlines in numbered paragraphs 1 through 7 certain allegations which, although not entirely clear to Defendants, seem to include a change in job title, being placed with "incompatible roommates", inconvenient scheduling with the dispensary, as well as not allowing him to be housed closer to the dispensary, and making false allegations of infractions against Plaintiff.

Defendants deny Plaintiff is being retaliated against in any manner, been denied access to the Courts, had his legal mail mishandled, or been falsely accused of disciplinary infractions. As to the rest of the allegations, assuming they are true, all are part of the everyday occurrences of prison life and not personal or retaliatory to the Plaintiff.

From a procedural standpoint, Plaintiff's motion is defective on its face since the assertions made in the motion do not relate to the allegations made in Plaintiff's complaint. "A moving party must.....establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. DeWitt v. A. T. Wall, 2001 Wl 1018332 (D.R.I. 2001), citing Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1885 (10th Cir. 1975); Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

"New assertions cannot provide the basis for a preliminary injunction." Id. Plaintiff's complaint relates only to money removed from his inmate account, not to any of the assertions made in his motion. Therefore, the motion should be denied since these new assertions cannot provide a basis for a preliminary injunction.

Also, in order for Plaintiff Botelho to prevail on his motion for injunctive relief, he must demonstrate the following four elements: (1) the likelihood of his success on the merits; (2) potential for irreparable injury; (3) the relevant balance of hardships if the restraint does or does not issue; (4) and the effect on the public interest of a grant or denial of the motion. *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Failure to demonstrate any one of these four elements prohibits the granting of a preliminary injunction.

Plaintiff has failed to demonstrate he is likely to succeed on the merits of the motion. Most of his motion asserts bare conclusions and vague suppositions without any factual details. The facts he does outline are not constitutional violations but merely the daily components of prison life. Incarceration brings with it the necessary withdrawal or limitation of many privileges and rights. Pell v. Procunier, 417 U.S. 817, 94 S.Ct. 2800 (1974). "A prisoner retains only those rights that are not inconsistent with his status as a prisoner and with the legitimate penological objectives of the corrections system. Id. Assignment to a particular facility or cellblock, scheduling for medical services, work assignments, cellmates, etc., are all institutional decisions made as part of running a correctional facility and not subject to the approval of the inmate.

As to the allegation of false disciplinary infraction(s), Plaintiff sheds no light on the details surrounding this allegation, however disciplinary sanctions were specifically addressed in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293. In *Sandin*, the United States Supreme Court stated, "the Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a sentence imposed. *Id*.at 480. "The State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which....imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. The Court went on to hold that a 30 day sentence to disciplinary segregation "did not present the type of atypical significant deprivation in which a State might ....create a liberty interest. *Id*. at 475. Based on the holding in *Sandin*, Plaintiff's claim that he has been wrongfully disciplined does not trigger any Due Process protections.

For all the reasons stated above, the Defendant's respectfully request that Plaintiff's motion be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Joseph Botelho, Medium Security - Moran, P.O. Box 8274, Cranston, RI 02920, on this 28th day of February, 2006.