UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Joseph M. Botelho :

v. : Case # 05-338S

AT Wall Director :

Rhode Island DOC ET.AL. :

## Plaintiffs Objection to Magistrates Report and Recommendation to dismiss Plaintiffs claim pursuant to Fed R. Civ P. 12 (b) (6).

Plaintiff Joseph M. Botelho Pro-se Objects in part to Magistrate Hogopian's recommendation that the Defendants motion to dismiss pursuant to fed. R. Civ. P. 12 (b) (6) be granted for the following reasons.

1). 2.28-2 D.O.C. medical co-pay policy states, current 03-29-04

> "Inmates will not be charged for medical services that are initiated by the R.I. DOC, nor will inmates be required to pay for follow-up visits recommended by medical staff.... Nor will inmates be required to pay for follow-up medical visits initiated by R.I. DOC, medical staff (e.g. chronic conditions such as **Hepatitis C,HIV, HYPERTENSION, AND DIABETES**).

The Defendant Claims on pg.4 that the "Plaintiff" provides no information as to what his medical condition is or how that condition exempts him from the medical policy provisions. He also fails to define what these co-payments relate to, except to say they are for medical prescriptions.

But Plaintiff exhibit as submitted in the pleadings indicates 1-13-04 to present I've been charged 81 times on my Inmate Ledgers. Clearly that is an indication of a **"CHRONIC CONDITION,"**

Magistrate Hagopian in page 5 of his Report states: Plaintiff alleges in his complaint that this deduction should not have occurred since it is allegedly contrary to RI DOC policy. Any error or negligence by the defendant in interpreting RIDOC policy does not constitute a denial of procedural due process, in the taking of the medical co-payment from plaintiffs inmate account... A Policy in place for the purposes of regulating, controlling, limiting and ex-

empting specifically enumerated conditions if not followed meticulously by the Defendants in charge of regulating and Administrating defined procedure as stated in the policy is unconstitutional as a denial of Due Process as stated in the original complaint page 3 and in my objection to the motion to dismiss on page 4.

This Court has jurisdiction. As a Due process violation secured under the Federal Constitution Amendment XIV (14).

Therefore, Plaintiff prays that the Defendants motion to dismiss and the Magistrate's report & Recommendation to dismiss be denied and allow for further proceedings, or grant Plaintiff's request for return of all funds by Defendants, $412.00 and $87.00 in postage, copy costs seeking such relief which the DOC further profits from. And filing feee of what has been paid so far.

**CERTIFICATION**

I hereby certify that a true copy of the within document was mailed, postage pre-paid, to Defendants Attorney Kathleen M.Kelly, # 5501, RI Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, on this 10 day of March, 2006.

Joseph Botelho Pro-se

Joseph M. Botelho

P.O. Box 8274
Cranston, R.I. 02920